LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FRANCISCO JAVIER ARELLANO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

        Plaintiff,

  v.

FAMOUS CORNER, INC. d/b/a GRILL POINT,
1123 QUENTIN GRILL CORP d/b/a GRILL POINT,
SHLOMO SELA, and
MOSHE PERETZ

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff FRANCISCO JAVIER ARELLANO, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, FAMOUS CORNER, INC. d/b/a GRILL POINT, 1123 QUENTIN GRILL CORP d/b/a/ GRILL POINT (together, the "Corporate Defendants"), SHLOMO SELA and MOSHIE PERETZ ("Individual Defendants", together, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation due to time shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation due to time shaving, (2) liquidated damages and statutory penalties and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District, pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff FRANCISCO JAVIER ARELLANO is a resident of Bronx County, New York.

6. Defendants operate the below restaurants as a single integrated enterprise under the trade name "GRILL POINT" at the following addresses:

    (a) 69-54 Main Street, Flushing, NY 11367;

    (b) 11-23 Quentin Road, Brooklyn, NY 11229 (collectively, the "Restaurants").

7. The Restaurants are operated by Defendants as a single integrated enterprise. The Restaurants are commonly owned by the Individual Defendants and are advertised on the

following websites: *See* Exhibit A and B for the Restaurants' main webpages, https://grillpoint.nyc/ and https://grillpointbk.com/.; *See* Exhibit C and D for screenshots of Restaurants' Facebook pages, https://www.facebook.com/grillpointkosher/ and https://www.facebook.com/GrillPointBK/; See Exhibit E and F for screenshots of Restaurants' Instagram webpages, https://www.instagram.com/grillpoint_queens/ and https://www.instagram.com/grillpointbk/. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose.

      (a) As both are Kosher Restaurants, supplies are interchangeable among the Restaurants' locations;

      (b) Restaurants share the same trade name and same logo;

      (c) Restaurants share the same menu. *See* Exhibit G for the Restaurants' menu.

      (d) Restaurants share a common ownership and management team, they are both owned and managed by the Individual Defendants.

8. Corporate Defendant FAMOUS CORNER, INC. d/b/a GRILL POINT is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 69-54 Main St., Flushing, NY 11367.

9. Corporate Defendant 1123 QUENTIN CORP is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service process located at 1123 Quentin Road, Brooklyn, NY 11229.

10. Defendant SHLOMO SELA is the Chairman or Chief Executive Officer of Defendant, FAMOUS CORNER, INC. d/b/a GRILL POINT. Defendant SHLOMO SELA exercised control over the terms and conditions of Plaintiff's employment and those of the FLSA Collective Plaintiffs. With respect to Plaintiff and the other FLSA Collective Plaintiffs, he

exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by Defendant SELA.

11. Defendant MOSHIE PERETZ is the Chief Executive Officer of Defendant, FAMOUS CORNER, INC. d/b/a GRILL POINT. Defendant MOSHIE PERETZ exercised control over the terms and conditions of Plaintiff's employment and those of the FLSA Collective Plaintiffs. With respect to Plaintiff and the other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

12. At all relevant times, Defendants FAMOUS CORNER, INC. d/b/a GRILL POINT and 1123 QUENTIN GRILL CORP d/b/a GRILL POINT, were enterprises "engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff and the FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff FRANCISCO JAVIER ARELLANO brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

19. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their

5

names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff FRANCISCO JAVIER ARELLANO's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay wages, including overtime premium due to time-shaving, (ii) failing to provide wage statements in compliance with the New York Labor Law, and (iii) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

22. Plaintiff FRANCISCO JAVIER ARELLANO is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff FRANCISCO JAVIER ARELLANO is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    e) Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

    f) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

    g) Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and

        other information required to be provided on wage statements, as required under the New York Labor Law; and

    h) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

26. In or around August 2019, Plaintiff ARELLANO was hired by Defendants and/or their predecessors, as applicable, to work as a food preparer for Defendants' restaurant located at 11-23 Quentin Road, Brooklyn, NY 11229. Plaintiff's employment with Defendants terminated on or about March 11, 2020.

27. Throughout his employment with Defendants, Plaintiff ARELLANO worked five (5) days per week, from 8:00 a.m. to 5:00 p.m. for nine (9) hours per day for a total of forty-five (45) hours each week. Plaintiff was paid at a hourly rate of $17.00 per hour. During Plaintiff ARELLANO's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours and pay rates.

28. Throughout Plaintiff ARELLANO's employment with Defendants, he was not compensated for all his hours worked each week. Plaintiff regularly worked more than forty (40) hours per week. Due to Defendant's time-shaving policy which only paid Plaintiff up to forty (40) hours each week, resulting in unpaid hourly wage and unpaid overtime premium. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week but Defendants failed to pay them the required overtime premium compensation.

29. Throughout Plaintiff ARELLANO's employment with Defendants, he did not have any lunch breaks and was required by Defendants to have lunch while working.

30. On about three (3) days per week, Plaintiff had to stay about ten (10) minutes past his scheduled shift. Therefore Plaintiff ARELLANO routinely performed off-the-clock work for thirty (30) minutes each week, which were entirely uncompensated. Due to Defendant's time shaving policies, Plaintiff did not receive his proper regular compensation and overtime compensation for all his off-the-clock works. Class members similarly worked off-the-clock work without compensation.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and the FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

32. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

33. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

34. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

35. Plaintiff realleges and reavers Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, each of Defendants, FAMOUS CORNER, INC. d/b/a GRILL POINT and 1123 QUENTIN GRILL CORP d/b/a GRILL POINT, had gross revenues in excess of $500,000.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

40. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

41. Records, if any, concerning the number of hours worked by Plaintiff and the FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

46. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

52. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wage including overtime compensation, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages including overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

f.  An award of statutory penalties, and prejudgment and post judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 19, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By:   */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs and the Class*